# Prestridge et al. v. Hall et al.

(Decided Dec. 17, 1935.)

ORIE S. WARE and JOHN T. GAYNOR for appellants.

M. H. McLEAN for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE CLAY—
Affirming.

John J. Dulaney, a resident of Kenton county,
died testate in the month of October, 1897, survived
by two children, W. R. Dulaney and Ellen Dulaney
Hall. W. R. Dulaney had two children, Lula Dula-
ney Prestridge and John J. Dulaney, Jr., who died
shortly after the testator. Ellen Dulaney Hall has
one child, John Dulaney Hall. After disposing of his
personal estate, John J. Dulaney divided his real es-
tate into three parts. The material part of the clause
of the will disposing of the second part of the testa-
tor's real estate reads as follows:    :

> "The second part consists of the farm in Er-
> langer, Kentucky, a part of which I bought at
> Master Commissioner Frank P. Helm, sale of the
> John B. Casey estate, and a part I purchased from
> Thomas Tupman, the two pieces lying together and
> constituting one farm; said second part I hereby
> devise as follows: to W. R. Dulaney an estate for
> and during his life in two-thirds of said property
> and to Lula Dulaney, daughter of W. R. Dulaney
> an estate for and during her life in one-third of
> said property, upon the decease of Lula Dulaney
> if she shall die before her father, W. R. Dulaney,
> said W. R. Dulaney shall have a life estate in the
> whole of said property for and during his life,
> upon the decease of W. R. Dulaney or of Lula Du-
> laney, if she shall survive her father, John J. Du-

laney, Jr., Ellen D. Hall and John Dulaney Hall jointly or the survivors of said persons, together with the children of John J. Dulaney, Jr., and John Dulaney Hall should they be deceased, leaving issue shall have an estate for life in said property, for the term of life of the last survivor of said John J. Dulaney, Jr., Ellen D. Hall and John Dulaney Hall and John J. Dulaney Hall.''

This action was brought by Ellen Dulaney Hall and her son, John Dulaney Hall, under the Declaratory Judgment Act (Civ. Code Prac. sec. 639a—1 et seq.) for a construction of the foregoing provision of the will, it being contended on behalf of the Halls that on the death of W. R. Dulaney they took a life estate in two-thirds of the property, while Lula Dulaney Prestridge insisted that upon the death of her father, W. R. Dulaney, she became vested with a life estate in two-thirds of the property held by the father in addition to the life interest in the other one-third, which she already held under the will. The contention of the Halls was sustained, and judgment was rendered accordingly. Lula Dulaney Prestridge and her husband appeal.

The will first gives to W. R. Dulaney a life estate in two-thirds of the property, and to Lula Dulaney, his daughter, a life estate in one-third of the property. It then gives to W. R. Dulaney on the death of Lula Dulaney, if he shall survive her, a life estate in the whole of the property. Then follows the provision giving a joint life estate in the property to certain named persons ''upon the death of W. R. Dulaney, or of Lula Dulaney, if she shall survive her father.''

It is pointed out that the will makes no provision for the passing of the two-thirds interest in the property held by W. R. Dulaney for life to John J. Dulaney, Jr., Ellen D. Hall, John Dulaney Hall, and others, but provides merely for the passing of a life estate in the whole property upon the death of both W. R. Dulaney and Lula Dulaney in case she survives him. From this it is argued that the testator intended that upon the death of her father Lula Dulaney should enjoy a life estate in the entire property. Though the argument is ably pressed, we are not inclined to agree with that construction. In providing that W. R. Dulaney should have a life estate in the whole of

the property if Lula Dulaney died before he did, the testator knew exactly what language to employ, and if he had intended that Lula Dulaney, if she survived her father, should have a life estate in the whole of the property; it is altogether probable that he would have employed the same or similar language. While it is true that the language used leaves something to be desired in the way of clearness, it does not disclose any purpose on the part of the testator that upon the decease of W. R. Dulaney any portion of the property held by him for life should pass to and be enjoyed by Lula Dulaney during her life.

It follows that the chancellor correctly construed the will.

Judgment affirmed.